# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **CORY G.,**<br><br>　　　　　　　　**Plaintiff,**<br><br>vs.<br><br>**KILOLO KIJAKAZI,**<br>**Acting Commissioner of Social Security Administration,**<br><br>　　　　　　　　**Defendant.** | Case No. 2:21-cv-00569<br><br><br>**REPORT & RECOMMENDATION**<br><br><br>**District Court Judge Jill N. Parrish**<br>**Magistrate Judge Dustin B. Pead** |

## INTRODUCTION[1]

Pursuant to 42 U.S.C. § 405(g), Plaintiff Cory G.[2] ("Plaintiff") seeks judicial review of the Commissioner of Social Security's ("Commissioner") decision denying his claim for disability insurance benefits under Title II of the Social Security Act. After careful review of the

---

[1] The parties in this case consented to United States Magistrate Judge Dustin B. Pead conducting all proceedings, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit. (ECF No. 15.) *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

[2] Based on privacy concerns regarding sensitive personal information, the court does not use Plaintiff's last name. Privacy concerns are inherent in many of the Federal Rules. *See* Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2; Fed. R. Crim. 49.1.

administrative record, the parties' briefs and arguments[3] and the relevant law, the undersigned concludes that the Commissioner's decision is supported by substantial evidence and free of harmful legal error. Accordingly, as set forth herein, the Commissioner's decision is AFFIRMED and Plaintiff's Motion for Review of Agency Action is DENIED.[4]

## BACKGROUND

On January 24, 2019, Plaintiff Cory G. ("Plaintiff") filed a Title II application for disability benefits under the Social Security Act (the "Act"), alleging a disability onset date of November 8, 2017.[5] Plaintiff's claim was initially denied on May 14, 2019, and again upon reconsideration on January 29, 2020.[6] Thereafter, Plaintiff filed a written request for an administrative hearing which was held via telephone on November 24, 2020, before Administrative Law Judge ("ALJ") Luke A. Brennan.[7]

On January 7, 2021, consistent with the five-step sequential evaluation process, the ALJ issued a written decision.[8] At step two of the evaluation process, the ALJ found that Plaintiff had

---

[3] ECF No. 22, Plaintiff's Motion for Review of Agency Action; ECF No. 23, Defendant's Answer Brief. Plaintiff did not submit a Reply brief, and the time within which to do so has expired. ECF No. 23, Administrative Appeal Scheduling Order; *see also* DUCivR 7-4(c)(1)(B).

[4] ECF No. 22.

[5] Tr. 17. Tr. refers to the transcript of the administrative record before the Court. ECF No. 16; ECF No. 17; ECF No. 18.

[6] *Id.*

[7] *Id.*; 20 C.F.R. § 404.929 *et seq.*; 20 C.F.R. § 404.936(c). All references to the Code of Federal Regulations (C.F.R) are to the 2020 edition.

[8] Tr. 17-27; *see* 20 C.F.R. § 416.920 (describing the five-step evaluation process).

the severe impairments of osteomyelitis,[9] morbid obesity and spinal stenosis.[10] After determining that Plaintiff's impairments did not meet or equal a listed impairment,[11] the ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to:

> perform light work as defined in 20 C.F.R. 404.1567(b). He can lift and carry twenty pounds occasionally and ten pounds frequently, He can sit, stand and/or walk for six hours in an eight-hour workday. He can never claim ladders, ropes, or scaffolds, crouch, or crawl. He can occasionally climb ramps or stairs, stoop, kneel, or balance.[12]

At step four, the ALJ concluded that Plaintiff was unable to perform his past relevant work as a head janitor at Utah State University because he performed his work at a heavy exertion level.[13] However, based on vocational expert testimony, the ALJ determined that Plaintiff could perform the requirements of the representative occupations of small parts assembler, parking lot attendant and photocopy machine operator.[14] As a result, the ALJ denied Plaintiff's application for disability benefits finding that Plaintiff was not disabled under the Act.[15]

---

[9] Osteomyelitis is an infection in a bone. *See https://www.mayoclinic.org/diseases-conditions/osteomyelitis/symptoms-causes/syc-20375913*.

[10] Tr. 20*; see* 20 C.F.R. § 404.1520(c).

[11] *See* 20 C.F.R. § 404, Subp. P. Appx 1.

[12] Tr. 21.

[13] Tr. 25; *see* 20 C.F.R. § 404.1565; *see also* DOT 381.137-010.

[14] *See* 20 C.F.R. § 404-1569; 20 C.F.R. § 404.1569(a); DOT 706.684-022; DOT 915.473-101; DOT 207.685-014.

[15] Tr. 27.

On July 21, 2021, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision for purposes of review.[16] Plaintiff's September 28, 2022, appeal to this court followed.[17]

## STANDARD OF REVIEW

On appeal the Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied.[18] "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal."[19] In conducting its review, the Court may neither reweigh the evidence nor substitute its judgment for that of the ALJ.[20]

Substantial evidence review is extremely deferential, and the agency's factual findings are considered "conclusive" if they "are supported by 'substantial evidence.'"[21] As the Supreme Court recently confirmed, the substantial evidence threshold "is not high" and deference should be given to the presiding ALJ "who has seen the hearing up close."[22] Substantial evidence is

---

[16] Tr. 1-3; *see* 20 C.F.R. § 404.970.

[17] ECF No. 2, Complaint; ECF No. 22, Plaintiff's Motion for Review of Agency Action. *See* 42 U.S.C. § 405(g).

[18] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

[19] *Jensen v. Barnhart,* 436 F.3d 1163, 1165 (10th Cir. 2006).

[20] *Hendron v. Colvin,* 767 F. 3d 951, 954 (10th Cir. 2014).

[21] *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153, 203 L. Ed. 2d 504, 508 (2019) (quoting 42 U.S.C. § 405(g)).

[22] *Id.* at 1154, 1157.

"more than a mere scintilla" and "means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[23]

## DISCUSSION

Plaintiff's allegations of error fall into two main categories: (1) the ALJ failed to discuss and assess the persuasiveness of certain medical opinions; and (2) the agency's decision denying Plaintiff's disability benefits was constitutionally defective under the separation of power clause. Because Plaintiff's constitutional claim is dispositive, the Court begins its analysis with the separation of power issue.

### A. Plaintiff's Separation of Powers Argument Does Not Entitle Him To A Rehearing

Plaintiff argues the ALJ's decision denying his disability benefits claim is constitutionally defective because 42 U.S.C. §902(a)(3) of the Social Security Act (the "removal provision") improperly limits the President's authority to remove the Presidentially-appointed, Senate-confirmed Commissioner of Social Security without good cause.[24] To the extent that it limits the President's authority to remove the Commissioner without good cause, the parties agree that the Social Security Act's removal provision violates the separation of powers.[25] The parties disagree, however, as to what remedy arises from the violation. On one hand, Plaintiff

---

[23] *Id.* at 1154 (internal quotation omitted).

[24] *See* 42 U.S.C. § 902(a)(3).

[25] *See* Office of Legal Counsel, U.S. Dep't. of Justice, Constitutionality of the Commissioner of Social Security's Tenure Protection, 2021 WL 2981542 (July 8, 2021) ("OLC Op.")

5

asserts that remand for a *de novo* hearing is required.[26] The Commissioner, on the other hand, contends that remand is not appropriate.

Plaintiff relies heavily on *Selia Law LLC v. CFPB*.[27] In that case, the Supreme Court held that the Consumer Financial Protection Bureau's leadership by a "single individual removable only for inefficiency, neglect, or malfeasance violates the separation of powers."[28] Yet, as discussed, whether the removal provision is constitutionally defective is not at issue since the parties agree on this point. Instead, the matter in dispute is the appropriate remedy for the violation. In that regard, the court finds *Collins v. Yellen* persuasive.[29]

In *Collins,* shareholders in the Federal National Mortgage Association and the Federal Home Loan Mortgage Corporation brought suit alleging actions by the Federal Housing Finance Agency (FHFA) adversely affected the value of their shares and that FHFA was unconstitutionally structured in violation of the separation of powers. The *Collins* Court agreed that FHFA exceed its statutory powers and the for-cause removal restriction for directors of FHFA violated constitutional separation of powers. The Court, however, rejected the remedy sought by plaintiffs---a judicial declaration invalidating prior actions by the FHFA directors---and found such relief unwarranted.[30]

---

[26] ECF No. 22 at 10.

[27] 140 S. Ct. 2183, 2197, 207 L. Ed. 2d 494, 2020 U.S. LEXIS 3515 (2020).

[28] *Id.*

[29] 141 S. Ct. 1761, 210 L. Ed. 2d 431, 2021 U.S. LEXIS 3397 (2021).

[30] *Id.* at 1788.

In this case, Plaintiff suggests that the actions taken by the Commissioner and those acting under his leadership are void or invalid due to the unconstitutional removal provision. Yet, "*Collins* expressly rejects this view."[31] Rather, under *Collins*, a party must demonstrate not only that the injuries are caused by officials subject to the challenged removal restrictions, but also that the unconstitutional removal provision "inflict[ed] compensable harm" on the plaintiff.[32] Such harm shall be "actual," not speculative, and must be particularized to the claimant.[33] Here, Plaintiff fails to establish that he suffered an actual and compensable harm.[34] Instead, Plaintiff improperly grounds his challenge on the removal provision while offering no evidence to show "a nexus between the unconstitutional removal restriction and the denial of his application" for disability benefits.[35]

Thus, while the parties agree that 42 U.S.C § 902(a)(3) violates the separation of powers to the extent it is construed as limiting the President's authority to remove the Commissioner

---

[31] *Boger v. Kijakazi,* 2021 U.S. Dist. LEXIS 207974, at *7 (W.D.N.C. Oct. 28, 2021).

[32] *Collins,* 141 S. Ct. at 1788-89 ("plaintiffs alleging a removal violation are entitled to injunctive relief---a rewinding of agency action---only when the President's inability to fire an agency head affected the complained-of decision."); *see also Decker Coal Co. v. Pehringer,* 8 F.4th 1123, 1127 (9th Cir. 2021) ("*Collins* is controlling with respect to the remedy for any unconstitutionality in the removal provisions.").

[33] *Kaufmann v. Kijakazi,* 32 F.4th 843, 849-50 (9th Cir. 2022).

[34] To the extent that Plaintiff somehow suggests he can establish compensable harm by pointing to President Biden's decision to remove Andrew Saul from his position as Commissioner in July 2021, Plaintiff fails to provide any facts establishing that President Biden wanted to remove, but was prevented from removing, Commissioner Saul before his claim was decided.

[35] *Boger*, at *7.

without cause, Plaintiff fails to establish that the unconstitutional removal restriction inflicted an actual and compensable harm.[36] As a result, the final decision of the ALJ is not constitutionally defective and Plaintiff's request for remand and a *de novo* hearing is denied. [37]

### B. Plaintiff's Medical Opinion Arguments Fails To Show Harmful Error

Next, Plaintiff argues the ALJ erred by "failing to discuss the functional capacity evaluation from March 2020 by Lynn Adams, PT[,] on referral from Dr. Tomco" and by "failing to tell if she[38] [sic] evaluated three of Dr. Tomco's op[i]nions or if she [sic] evaluated all of them."[39] As discussed herein, these arguments are not persuasive because Plaintiff improperly recharacterizes evidence and fails to recognize inherent differences in the types of evidence presented.

#### 1. The ALJ Did Not Err With Regard To Mr. Adam's Functional Capacity Examination

Plaintiff contends the ALJ erred in not assessing his March 2020 Functional Capacity Evaluation (FCE), conducted by Lynn Adams, P.T., which identified "upper extremity limitations" and should have been evaluated as a "medical opinion."[40]

---

[36] *See* Defendant's Answer at 9 ftn. 3, citing cases rejecting remands predicated on the Social Security Act's removal restriction for lack of compensable harm.

[37] *See Decker Coal Company v. Pehringer,* 8 F.4th 1123, 1137-38 (9th Cir. 2021) (rejecting plaintiff's argument that an unconstitutional removal provision warranted vacating an ALJ's decision).

[38] ALJ Luke A. Brennan issued the Commissioner's final decision in this case. Tr. 27.

[39] ECF No. 22 at 5-15.

[40] *See* 20 C.F.R. § 404.1520c.

A medical opinion is defined as "a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions" in regard to certain abilities.[41] When the record includes one or more medical opinions, the ALJ will consider the opinions using prescribed factors and is not required to separately address multiple medical opinions offered by a single medical source.[42]

Upon review, Adams's FCE does not meet the requirements of a "medical opinion." Despite Plaintiff's claim, the FCE does not identify any specific upper extremity limitations, include statements about what Plaintiff could still do despite his impairments, or identify any specific limitation or restriction in Plaintiff's ability to "perform physical demands of work activities, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping, or crouching."[43] To the extent that Plaintiff relies upon "lift tests" as evidence of his alleged "upper extremity limitations[,]" those tests were conducted to "mimic activities that [Plaintiff] would

---

[41] 20 C.F.R. § 404.1513(a)(2), Categories of Evidence. Those abilities include: (i) Your ability to perform physical demands of work activities such as sitting, standing, walking, lifting, carrying, pushing, pulling or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping, or crouching); (ii) Your ability to perform mental demands of work activities, such as understanding; remembering; maintaining concentration, persistence, or pace carrying out instructions; or responding appropriately to supervision, co-workers, or work pressures in a work setting; (iii) Your ability to perform other demands of work, such as seeing, hearing, or using other sense; and (iv) Your ability to adapt to environmental conditions, such as temperature extremes or fumes

[42] *See* 20 C.F.R. § 404.1520c(a)-(b).

[43] *See* 20 C.F.R. § 404.1513(a)(2); Tr. 1334-1337.

perform as a custodian at the college" and the results were not translated into a statement about what he could do during a workday, or how often Plaintiff could lift and carry objects of any particular weight.[44]

Indeed, the only conclusion offered by Adams that could arguably be construed as reflecting Plaintiff's ability to perform work activities, is the statement that Plaintiff's functional limitations would leave him "unable to perform his normal work duties due to general weakness, deconditioning and reported pain."[45] Such assertion, however, falls within the regulatory definition of a conclusion that is reserved to the Commissioner and, as a result, is neither inherently valuable nor persuasive to the extent that it would require any articulation or analysis by the ALJ.[46] Further, even assuming error, any error would be harmless since Adams's conclusion ultimately supports the ALJ's decision. Similar to Adams, the ALJ concluded that Plaintiff's work as a custodian exceeded his functional abilities and that Plaintiff would be limited to light work involving "only minimally strenuous activities."[47]

---

[44] Tr. 1336.

[45] Tr. 1337.

[46] *See* 20 C.F.R. § 404.1520b(c) (ALJ not required to provide any analysis about consideration of evidence that is "inherently neither valuable nor persuasive").

[47] *See Kirkpatrick v. Colvin,* 663 F. App'x. 646, 649 (10th Cir. 2016) (unpublished) (finding light work involves "only minimally strenuous activities"); *see also Keyes-Zachary v. Astrue,* 695 F.3d 1156, 1163 (10th Cir. 2012) (ALJ's failure to assign specific weight to a consulting examiner's opinion was harmless where the limitations was not inconsistent with the limitations in the ALJ's RFC).

### 2. The ALJ Did Not Err In Assessing Dr. Tomco's Opinions and Non-Opinion Statements

Next, Plaintiff takes issue with the ALJ's consideration of Dr. Abe Tomco's ("Dr. Tomco") opinions arguing the ALJ was required to discuss each of Dr. Tomco's opinions individually.[48]

As an initial matter, Plaintiff's generalized complaints about the "source level articulation" requirement are rejected pursuant to the revised regulations that govern cases like this one, filed on or after March 27, 2017.[49] Under the regulations, the ALJ was not required to discuss Dr. Tomco's opinions individually. Specifically, when a medical source provides multiple medical opinions the ALJ:

> will articulate how [he] considered the medical opinions or prior administrative medical findings from that medical source together in a single analysis using the factors listed in [20 C.F.R. § 404.1520c(1)-(5)], as appropriate. We are not required to articulate how we considered each medical opinion or prior administrative medical finding from one medical source individually.

20 C.F.R. § 404.1520c(b)(1).

Nonetheless, even if the ALJ were required to discuss Dr. Tomco's opinions individually, which he was not, Plaintiff fails to establish error. As part of his briefing, Plaintiff provides a chart purporting to show Dr. Tomco's "medical opinions" that the ALJ failed to evaluate.[50] A

---

[48] Tr. 1319-1340; Tr. 1327-1340. Dr. Tomco incorporated Adams's FCE into his opinions.

[49] *See* 20 C.F.R. § 404.1520c(b)(1), "How we consider and articulate medical opinions and prior administrative medical findings for claims filed on or after March 27, 2017."

[50] ECF No. 22 at 11, Plaintiff's Motion for Review of Agency Action.

plain reading of the record, however, indicates that most of the "medical opinions" referenced are actually statements on an issue reserved to the Commissioner and therefore not medical opinions. For example, Plaintiff directs the court to a private long-term life insurance form completed by Dr. Tomco in March 2018[51] and Dr. Tomco's "School or Work Release" form excusing Plaintiff from work from August 2018 through October 2018.[52] While these forms contain some limitations, they are time specific and limited in application to a two to three month time period. But disabling limitations, must last (or be expected to last) at least 12 months and temporary or rescinded limitations such as those cited here are not "significantly probative evidence" to warrant consideration by the ALJ.[53] In addition, Plaintiff points to several letters or discussions within treatment notes that include Dr. Tomco's statement that Plaintiff "should not work full time" and is "permanently disabled".[54] Again, these statements address issues reserved to the ALJ and are not medical opinions that warrant the ALJ's discussion.

To the extent that Plaintiff's arguments could be construed to support the claim that the ALJ failed to provide sufficient reasons for finding Dr. Tomco's opinion less persuasive than the consultative examiner's January 2020 opinion,[55] or the May 2019 and January 2020 prior

---

[51] Tr. 799-804.

[52] Tr. 801.

[53] *See* 20 C.F.R. § 404.1509, How Long the Impairment Must Last; *Wall v. Astrue,* 561 F.3d 1048, 1066 (10th Cir. 2009).

[54] Tr. 790-93, Tr. 1148, Tr. 1152.

[55] Tr. 24.

administrative findings of the state agency medical consultants,[56] the ALJ adequately explained how he assessed each of the opinions and prior administrative medical findings and cited to evidence of record supporting those assessments.[57]

Finally, in reviewing Plaintiff's request for agency review, he appears to argue that an alternative interpretation of the evidence could support a finding that Dr. Tomco's opinions are the most persuasive assessments of Plaintiff's limitations. Yet here the record is similar to most Social Security cases in that it contains conflicting evidence. As such, it is the ALJ, and not the Plaintiff, who resolves inconsistencies. And, even assuming that Plaintiff's alternative interpretation was equally reasonable and well-supported, this Court "may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo."[58]

## **CONCLUSION & RECOMMENDATION**

The ALJ's decision is supported by substantial evidence in the record and the correct legal standards were applied. Accordingly, the Court RECOMMENDS that the Commissioner's Decision be AFFIRMED and Plaintiff's Motion for Review of Agency Action be DENIED.[59]

---

[56] Tr. 25.

[57] Tr. 24-25; 20 C.F.R. § 404.1520c(b)(2) (ALJ will explain how he considered supportability and consistency factors in assessing opinions and prior administrative medical findings).

[58] *Lax v. Astrue,* 489 F.3d 1080, 1084 (10th Cir. 2007) (citation and quotation omitted); *Biestek,* 139 S. Ct. at 1157 (Court should defer to the preside ALJ "who has seen the hearing up close").

[59] ECF No. 22.

The Clerk's Office is directed to mail a copy of this Report and Recommendation to Plaintiff who is hereby notified of his right to object. Within fourteen (14) days of receiving a copy, Plaintiff may file his written objections.[60] A failure to do so may constitute waiver of objections upon subsequent review.

**IT IS SO ORDERED**.

DATED this 26th day of September 2022.

_____
DUSTIN B. PEAD
United States Magistrate Judge

---

[60] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).