IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| CORY G.,<br><br>        Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security Administration,<br><br>        Defendant. | **MEMORANDUM DECISION AND ORDER ADOPTING THE REPORT & RECOMMENDATION AND OVERRULING PLAINTIFF'S OBJECTION**<br><br>Case No. 2:21-cv-00569 JNP<br><br>Judge Jill N. Parrish |

Before the court is Magistrate Judge Dustin B. Pead's Report and Recommendation reviewing the decision of Kilolo Kijakazi, Acting Commissioner of the Social Security Administration ("SSA"), to deny disability benefits to Plaintiff Cory G.[1] ECF No. 24. Judge Pead recommends that this court affirm the SSA's denial. *Id*. at 13. Because the SSA's decision was supported by substantial evidence and applied the correct legal standard, the court adopts the Report and Recommendation, overrules Cory G.'s Objection, and affirms the SSA's denial of benefits.

BACKGROUND

In January 2019, Plaintiff filed an application for social security disability insurance benefits under Title II of the Social Security Act (the "Act"). Tr. at 17.[2] Plaintiff alleged that he

---

[1] For privacy, the court refers to Plaintiff by his first name and last initial.
[2] "Tr." refers to the transcript of the administrative record before the court. ECF Nos. 16, 17, and 18.

1

qualified for disability benefits because he suffered residual impairments and symptoms related to osteomyelitis of the spine.[3] *Id*. at 252, 407-08, 524-39. The SSA determined that Plaintiff was not entitled to disability benefits on May 14, 2019, and reaffirmed this finding on January 29, 2020. *Id*. On November 24, 2020, Plaintiff requested and obtained a hearing before an Administrative Law Judge ("ALJ"). *Id*.

To be eligible for disability benefits, a claimant must show that he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see* 20 C.F.R. §§ 404.1520, 416.905(a). On January 7, 2021, employing the SSA's five-step evaluation process, the ALJ issued his decision. Tr. at 17; *see* 20 C.F.R. § 404.1520(a). In this process, an ALJ considers whether: (1) the claimant engaged in substantial gainful activity; (2) the claimant has a severe, medically determinable physical or mental impairment; (3) the impairment is equivalent to one listed in the appendix of the relevant disability regulation and the impairment precludes substantial gainful activity; (4) the claimant has a residual functional capacity to perform past relevant work; and (5) the claimant has a residual functional capacity to perform other work considering the claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4); *Wall v. Astrue*, 561 F.3d 1048, 1051-52 (10th Cir. 2009) (reviewing the five-step process).

Applying this process, the ALJ concluded that Plaintiff was not disabled under the Act. Tr. at 17. At step two, the ALJ found that Plaintiff suffered from three severe impairments: osteomyelitis, morbid obesity and spinal stenosis. *Id*. at 20. At step four, he determined that

---

[3] Osteomyelitis is an inflammation or swelling in the bone caused by an infection. *See* https://www.mayoclinic.org/diseases-conditions/osteomyelitis/symptoms-causes/syc-20375913.

Plaintiff had the residual functional capacity ("RFC") to "perform light work." *Id*. at 21.[4] Specifically, the ALJ found that Plaintiff could not return to his past relevant work as a custodian, but that he could still work in various positions in the national economy. *Id*. at 25-27; 55-58. Thus, the ALJ concluded that Plaintiff was not disabled. *Id*.

Because the SSA Appeals Council denied Plaintiff's request for review, the ALJ's decision became final. *Id*. at 3-7. Plaintiff sought review of the ALJ's decision in this court. ECF No. 22. After reviewing the briefing and relevant law, Magistrate Judge Pead recommended that the court affirm the SSA's decision because it was supported by substantial evidence in the record and was not erroneous. ECF No. 24. Plaintiff filed a timely objection. ECF No. 26. Plaintiff contends that the ALJ erred in assessing the opinions of Plaintiff's treating physician, Dr. Abe Tomco, M.D., as well as evaluating Plaintiff's functional capacity examination ("FCE"), administered by Lynn Adams, P.T. *Id*. The court addresses each objection below.

**STANDARD OF REVIEW**

"The standard of review in a Social Security appeal is whether the [SSA]'s final decision is supported by substantial evidence, and whether [the SSA] applied the correct legal standards." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005) (citation omitted). The substantial evidence threshold "is not high" and defers to the presiding factfinder "who has seen the hearing up close." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019). Substantial evidence is "more than a mere scintilla" and "means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1154 (internal quotation omitted).

---

[4] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b).

3

To evaluate whether the SSA met this standard, the court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings." *Grogan*, 399 F.3d at 1262 (quoting *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994)). However, an "ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions." *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015). In reviewing the ALJ's decision, the court is "mindful that [it] may neither reweigh evidence nor substitute … [its] judgment for the [SSA]'s." *Trujillo v. Comm'r*, 818 F. App'x 835, 839 (10th Cir. 2020) (unpublished) (citing *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014). "Although the evidence may also have supported contrary findings, '[the court] may not displace the agency's choice between two fairly conflicting views.'" *Oldham v. Astrue*, 509 F.3d 1254, 1257-58 (10th Cir. 2007) (citation omitted).

When resolving objections to a Report and Recommendation, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*.

## DISCUSSION

Cory G. objects to the Report and Recommendation, arguing that the ALJ failed to adequately assess both the opinions of Dr. Tomco, Plaintiff's physician, as well as the FCE by Lynn Adams, P.T.[5] The court finds Plaintiff's arguments unpersuasive.

---

[5] Plaintiff originally alleged that the SSA's decision denying Plaintiff's disability benefits was constitutionally defective under the separation of powers clause. ECF No. 22 at 16. Magistrate Judge Pead rejected Plaintiff's argument and Plaintiff has not objected to that finding. Thus, with respect to the separation of powers argument, the court adopts the Report and Recommendation in full.

### I. The ALJ Did not Err in Assessing Dr. Tomco's Opinions

Plaintiff complains that the ALJ's evaluation of Dr. Tomco's opinions was inadequate, reciting the same arguments that he articulated in his opening Motion. *Compare* ECF No. 26 *with* ECF No. 22 at 5-18. Plaintiff argues that the "ALJ needed to discuss all significantly probative evidence to adequately explain his evaluation, drawing a logical bridge from the evidence to the conclusions." ECF No. 26 at 5. Plaintiff then proceeds to list the medical opinions and evidence that he believes the ALJ, as well as the magistrate judge, allegedly ignored.

Having reviewed the record, as well as the magistrate judge's findings, the court finds Plaintiff's arguments unfounded. The ALJ is not required "to articulate how [he] considered all of the factors for all of the medical opinions and prior administrative medical findings in [Plaintiff's] case record." 20 C.F.R. § 404.1520c(b)(1). Rather, when a medical source provides multiple medical opinions, the ALJ must articulate how he considered the medical opinions and prior medical findings "in a single analysis" using factors listed in 20 C.F.R. § 404.1520c(c)(1)-(5), as appropriate. 20 C.F.R. § 404.1520c(b)(1). And this is exactly what the ALJ did: he meticulously evaluated the medical opinions of Dr. Tomco, a consultative examiner's January 2020 opinion, and the State agency medical consultants' May 2019 and January 2020 prior administrative medical findings. Tr. at 24-25. The fact that the ALJ came to a different conclusion regarding Plaintiff's eligibility for disability benefits than the one that Plaintiff had hoped for does not invalidate the ALJ's decision. The ALJ adequately explained how he assessed each of the opinions and prior administrative medical findings found in the records. *Id*. Nothing more was required. 20 C.F.R. § 404.1520c(b)(2) (highlighting that the ALJ will explain how he considered supportability and consistency factors in assessing opinions and prior administrative medical findings). In sum, the ALJ adequately discussed all relevant opinions and medical findings and his conclusions were

supported by substantial evidence. The ALJ did not err in assessing Dr. Tomco's opinions and non-opinion statements.[6]

## II. The ALJ Did Not Err Regarding Mr. Adams's FCE

Plaintiff argues that the ALJ's failure to discuss the FCE was harmful error "because that examination was the most objective assessment of Cory's work abilities, and without discussing it, the ALJ's assessment failed to meet the [governing] standards." ECF No. 26 at 12. In other words, Plaintiff argues that had the ALJ discussed the FCE, the ALJ would have found Plaintiff disabled under the plain meaning of the law.

The court finds Plaintiff's argument unpersuasive. While the CFR instructs ALJs on how to consider medical opinions, simply put, Mr. Adams's FCE does not qualify as a "medical opinion" as defined in the Social Security regulations. "Medical opinion" is not just an opinion from any treating physician; rather, it is a regulatory term of art. A medical opinion is "a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions" regarding certain abilities. 20 C.F.R. § 404.1513(a)(2). The medical opinion assessment requirements, which instruct ALJs to articulate how they considered the opinion, only apply to evidence that is considered a medical opinion. All other types of evidence – including, as is relevant here – "evidence from a medical source that is not objective medical evidence or a medical opinion" or statements on issues

---

[6] Plaintiff's argument that the ALJ did not properly evaluate all relevant medical evidence appears to be nothing more than an invitation to the court to adopt Plaintiff's preferred interpretation of the evidence in place of the ALJ's reasonable, sufficiently explained, and well-supported interpretation. The court declines Plaintiff's invitation. Even assuming that Plaintiff's interpretation of the evidence is equally compelling as that of the ALJ's, which the court does not hereby find, the court cannot disturb the ALJ's findings to "displace the agency's choice between two fairly conflicting views." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citation and quotation omitted). Under the substantial evidence standard of review, the court defers to the presiding ALJ, "who has seen the hearing up close." *Biestek*, 139 S. Ct. at 1157.

reserved to the Commissioner – are simply not "medical evidence." ALJs are "not required to articulate how [they] consider [ ] evidence from nonmedical sources." 20 C.F.R. § 404.1520c(d).

Mr. Adams's FCE is not a medical opinion. The FCE merely found that plaintiff had "upper extremity limitations." ECF No. 22 at 7. Mr. Adams's diagnosis neither explained what plaintiff could or could not do during a workday nor detailed any limitation with particularity, either of which would be necessary to qualify as a "medical opinion." 20 C.F.R. § 404.1513(a)(2). Without more, Mr. Adams's finding is not medical evidence and does not trigger the independent evaluation required by 20 C.F.R. § 404.1520c. Thus, the ALJ did not err in failing to assign a specific weight to the FCE.[7]

## CONCLUSION

The court finds that the SSA's denial of benefits was supported by substantial evidence. The ALJ did not err in finding that Plaintiff could perform light work subject to certain restrictions. Accordingly, the court ADOPTS the Report and Recommendation and AFFIRMS the SSA's decision. ECF No. 24. Plaintiff's Objection to the Report and Recommendation is OVERRULED. ECF No. 26.

---

[7] Moreover, Mr. Adams's statement finding that Plaintiff had "upper extremity limitations" that left him "unable to perform his normal work duties," Tr. at 1337, is ultimately consistent with the findings of the ALJ. The ALJ determined that Plaintiff could no longer be a janitor due to the strenuous nature of that position. This is in complete alignment with Mr. Adams's determination that Plaintiff could no longer perform his current job as a janitor. Therefore, Plaintiff's objection to the ALJ's finding rings hollow: Mr. Adams's conclusion supports the ALJ's decision, undermining Plaintiff's argument that the ALJ erred by failing to discuss it. *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1163 (10th Cir. 2012) (ALJ's failure to assign a specific weight to a consulting examiner's opinion was harmless where the opinion was generally consistent with the ALJ's findings).

DATED this 20th day of March, 2023.

_____
Jill N. Parrish
United States District Court Judge